Distrito de San Juan con la certificación correspondiente.

Jueces concurrentes: Sres. Presidente Quiñones y Asociados Sulzbacher y MacLeary.

El Juez Asociado Sr. Figueras no formó Tribunal en la vista de este caso.

---

## MARTINEZ *v.* CEBOLLERO.

APELACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 52.—Resuelto en Octubre 30, 1903.

COSTAS.—HONORARIOS DE LOS ABOGADOS.—En la tasación de costas deben incluirse todas las que comprenda la condena y resulte que han sido devengadas hasta la fecha de la tasación como consecuencia necesaria y directa del litigio sostenido, incluyéndose además, los honorarios de los Letrados defensores.

ABOGADOS.—La regla 48 de la Orden General No. 118 de 1899, en cuanto se refiere á la dirección de las partes por Letrados está vigente y no puede entenderse derogada por la Orden General No. 134.

COSTAS.—IMPUGNACIÓN DE COSTAS.—La impugnación de las costas no puede sustanciarse por los trámites de los incidentes sino en aquellos casos en que se incluyan partidas de derechos ú honorarios que no corresponda satisfacer al condenado al pago de las mismas.

### EXPOSICIÓN DEL CASO.

En el juicio declarativo seguido ante la Corte de Distrito de Mayagüez por Don Victor Martínez contra Doña María Moreno Cebollero sobre cancelación de embargo, é incidente sobre impugnación de la tasación de costas en que fué condenado el demandante, cuyo incidente pende ante Nos en virtud de recurso de casación por infracción de ley, hoy de apelación interpuesto por Don Victor Martínez, al que ha representado y defendido ante esta Corte Suprema el Letrado Don Rafael López Landrón, habiendo llevado el Abogado Don Antonio Manrique de Lara la defensa y representación de la parte recurrida.

*Resultando:* que seguido juicio declarativo ante el Tribunal de Distrito de Mayagüez por Don Victor Martínez y Martínez contra Doña María Moreno sobre cancelación de embargo, dictó sentencia dicho Tribunal en 26 de Noviembre de 1902 declarando sin lugar la demanda con las costas

## MARTINEZ *v.* CEBOLLERO.

### APPEAL from the District Court of Mayagüez.

No. 52.—Decided October 30, 1903.

A declaratory action having been brought in the District Court of Mayagüez by Victor Martinez y Martinez, against María Moreno, for the cancellation of an attachment, on November 26, 1902, the court dismissed the complaint with costs against plaintiff, and when said costs were taxed counsel for Victor Martinez objected to the item of fees and supplies charged by Antonio Manrique de Lara, Esq., amounting respectively to three hundred and eighty-five dollars and eleven dollars and fifty cents, which items aggregate three hundred and ninety-six dollars and fifty cents, and prayed that the incidental issue thus raised be entered, that the adverse party be notified thereof and that in due time the memorandum of Mrs. Moreno's counsel be

á la parte demandante, y habiéndose practicado la tasación de las mismas, la representación de Don Victor Martínez impugnó la partida de honorarios y suplementos del Abogado Don Antonio Manrique de Lara, montantes los honorarios á trescientos ochenta y cinco dollars, y los suplementos á once dollars cincuenta céntavos, cuyas partidas suman trescientos noventa y seis dollars cincuenta centavos, pidiendo se tuviera por promovido el incidente, se diera traslado de él á la parte contraria, y en su día se declarara excesiva la minuta del Letrado de la Sra. Moreno, y sin lugar á adicionar las partidas que en la misma se determinan, con lo demás á que hubiere lugar en derecho.

*Resultando:* que al escrito de impugnación de costas recayó providencia en 2 de Abril del año próximo pasado, que en la parte conducente dice así: "Apareciendo que todas las partidas objeto de impugnación las representa el Letrado, unas por honorarios y otras por suplementos, y que sólo en el caso de que esas partidas no corresponda pagarlas al condenado en ellas, es que pudiera promoverse un incidente, de conformidad con lo establecido en el artículo 426 de la Ley de Enjuiciamiento Civil y Regla 64 de la Orden General 118, Serie de 1899.

Del anterior escrito de impugnación dése vista al Letrado Don Antonio Manrique de Lara, por término de dos días, para que conteste lo que á su derecho convenga."

*Resultando:* que contra la providencia que se deja transcrita utilizó la representación de Don Victor Martinez recurso de reposición el que fué resuelto por auto de 14 de Abril citado, concebido en los términos siguientes:

"*Resultando:* que condenado el actor Martínez en todas las costas del juicio por sentencia que quedó firme, la parte contraria interesó que se tasaran esas costas acompañando minuta de los honorarios del Letrado Sr. Manrique de Lara, un recibo del Registrador de la Propiedad por el importe de la certificación, folio 72, y uniendo á los gastos los sellos de Rentas Internas que habían suplido, folios 76, 79 y 90".

"*Resultando:* que accedido á esa pretensión el Secretario practicó la nota de costas, incluyendo la minuta del Letrado por sus honorarios y otros suple-

declared excessive and that the addition of aforesaid items be disallowed, together with such other findings as might be in accordance with law.

Upon the exception to the taxation of costs an order was made on April 2, 1902, which in the portion relevant hereto reads: "It appears that the items objected to represent respectively attorney's fees and supplies, and only where the party against whom costs have been taxed is not called upon to pay such items, can an incidental issue be raised, according to article 426 of the Law of Civil Procedure and Rule 64 of General Order No. 118, series of 1899. The foregoing objection is ordered to be submitted to Antonio Manrique de Lara, for a period of two days, in order that he may file such answer thereto, as by him may be deemed proper."

From the foregoing order counsel for Victor Martinez moved for a reconsideration, which motion was disposed of by an order of April 14 in the following words:

"The plaintiff, Martinez, having been required by a judgment which became final, to pay all the costs of the proceeding, the opposite party requested that said costs be taxed, and filed a memorandum of Manrique de Lara's fee, a receipt from the Registrar of Property for cost of certificate, (folio 72) and included the charges of the cost of Internal Revenue stamps that had been supplied by said party (folios 76, 79 and 90)".

"In compliance with said request the clerk drew up a memorandum of costs, including the attorney's statement of his fees and other supplies vouched for and the same being submitted to the parties, Martinez raised an incidental issue, praying that the statement of María Moreno's attorney be declared excessive and that the items added thereto as therein specified, be disallowed, whereupon the court, for the reasons set forth in its order of the 2nd instant, decided that aforesaid objection be submitted to Manrique de Lara for the legal period".

"Martinez then moved for a reconsideration on the grounds alleged in the petition of the 4th instant, which motion was opposed by the other party".

"Article 421 of the Law of Civil Procedure expressly provides that the taxation of costs shall be made including therein all the costs comprised in the adjudication, and incurred up to the time of the taxation".

"The clerk did not include in the taxation of costs any items of dues or

mentos comprobados, y dada vista á las partes, la del Sr. Martínez estableció incidente para que se declarase excesiva la minuta del Letrado de la Sra. Moreno y sin lugar la adición de partidas que en ella se determinan, á lo que el Tribunal, por los motivos de su provisto de 2 del corriente, acordó dar vista al Letrado Sr. Manrique de Lara, del escrito de impugnación por el término legal".

"*Resultando:* que de ese provisto establece el Sr. Martínez recurso de reposición por los fundamentos que alega en el escrito de 4 del corriente, cuyo recurso impugna la parte contraria".

"*Considerando:* que es terminante el precepto del artículo 421 de la Ley de Enjuiciamiento Civil, de que se incluyan en la tasación de costas todas las que comprenda la condena y resulte que han sido devengadas hasta la fecha de la tasación".

"*Considerando:* que el Secretario no incluyó en la tasación partidas de derechos ú honorarios cuyo pago no corresponda al condenado en costas, porque las comprendidas resultan comprobadas de las actuaciones, como se ve á la simple vista y son las mismas á que se refiere la Regla 64 de la Orden General 118, Serie de 1899, al determinar los gastos de justicia que cada litigante hubiere hecho por consecuencia necesaria y directa del litigio sostenido además de los honorarios de los Letrados defensores".

"*Considerando:* que la regla 48 de dicha Orden sobre que las partes se dirijan por Letrados, está vigente en esa parte, sin que pueda entenderse derogada por la otra Orden 134, que trata de la presentación como consecuencia de haberse suprimido los Procuradores, cosa distinta completamente á la dirección de las partes".

"*Considerando:* que sólo en el caso de que se incluyan partidas de derechos ú honorarios cuyo pago no corresponda al condenado en las costas, es que procede substanciar la impugnación por los trámites de los incidentes, lo que no ocurre en los presentes autos por los motivos antes expresados".

"Se declara no haber lugar á la reposición interpuesta contra el provisto de 2 del corriente, por la parte de Don Victor Martínez, á quien se condena en las costas del recurso".

*Resultando:* que Don Victor Martínez interpuso recurso de casación por infracción de ley contra la providencia de 2 de Abril, y habiéndosele denegado acudió en queja ante esta Corte Suprema, la que ordenó la admisión del mismo.

*Resultando:* que tramitado el recurso admitido, como de apelación á virtud de lo dispuesto por la Ley de 12 de Marzo último, tuvo lugar la vista del mismo con asistencia del Letrado de la parte recurrente, quien alegó cuanto estimó conducente al debate judicial.

Abogado del apelante: *Sr. López Landrón.*

Abogado del apelado: *Sr. Manrique de Lara.*

fees the payment whereof does not devolve upon the party against whom judgment was rendered, inasmuch as those comprised therein are duly substantiated, as may be seen by merely glancing at the record, being such as are mentioned under rule 64 of General Order No. 118, series of 1899, which determines the legal expenses necessarily incurred as a direct consequence of litigation, in addition to attorneys' fees".

"Rule 48 of aforesaid Order providing that litigants must be represented by counsel is in force as to this particular and should not be understood as having been repealed by General Order No. 134, providing how litigants shall be represented, as a result of the abolition of the practice of solicitors, which is an entirely different question from that of acting as counsel for the parties".

"Only when items of dues or fees not chargeable to the defeated litigant are included, can an objection be prosecuted as an incidental issue, and this is not the case now for the reasons above set forth".

"We therefore declare that the motion for a reconsideration of the order dated the 2nd instant, on behalf of Victor Martinez, does not lie, and impose upon him the costs of these proceedings".

From the order of April 2 Victor Martinez, having filed and appeal in cassation which was refused, resorted to the remedy of complaint before this Supreme Court, which was ordered to be admitted.

The remedy of complaint being admitted and treated as an appeal, as prescribed by the Act of March 12, 1903, the hearing thereof took place, counsel for appellant being present and offering such arguments as were by him deemed proper.

EL JUEZ ASOCIADO SR. MACLEARY, después de exponer los hechos anteriores, emitió la siguiente opinión del Tribunal:

Aceptando los fundamentos de la providencia de 2 de Abril del año próximo pasado y del auto concordante de 14 del mismo Abril.

*Fallamos:* que debemos confirmar y confirmamos la providencia apelada de 2 de Abril del año último y el auto concordante de 14 del propio mes, con las costas á cargo de la parte recurrente; y con copia de esta resolución devuélvanse los autos al Tribunal de Distrito de Mayagüez, á los efectos procedentes.

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados Hernández y Sulzbacher.

El Juez Asociado Sr. Figueras no formó Tribunal en la vista de este caso.